UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |  |
|---|---|---|
| ANTHONY R. COX, JR. | : | CASE NO. 1:14-CV-00993 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 36] |
| TELETECH@HOME, INC. | : |  |
|  | : |  |
| Defendant. | : |  |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Anthony Cox brings this action against Defendant TeleTech@Home, Inc. ("TeleTech") for alleged willful violations of the Fair Credit Reporting Act ("FCRA"). Specifically, Cox says TeleTech failed to provide him a copy of a consumer report and a summary of his rights before rescinding a job offer because of information in that consumer report.[1]

On February 5, 2015, the Court issued an Opinion and Order denying Cox's motion for class certification.[2] One week later, on February 12, 2015, Plaintiff Cox moved for reconsideration of that decision.[3] Cox challenges the Court's determination that Cox has not satisfied the typicality and adequacy requirements of Rule 23(a), and thus can not act as the class representative.

The Federal Rules of Civil Procedure do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.[4] Such a motion is extraordinary

---

[1] Doc. 1. See Doc. 36 at 2–7 for more details regarding the factual background of this case..
[2] Doc. 36.
[3] Doc. 37.
[4] *Basinger v. CSX Transp., Inc.*, 91 F.3d 143, 1996 WL 400182, at *2 (6th Cir. July 16, 1996) (unpublished table opinion); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).

Case No. 1:14-CV-00993
Gwin, J.

and is seldom granted because it contradicts notions of finality and repose.[5]

A court may grant a motion to amend or alter a judgment "to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice."[6] "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"[7]

Cox argues that the Court made two errors in its decision denying class certification. First, he says the Court incorrectly reasoned that Cox's decision to seek only statutory, rather than actual, damages indicates that he is not an adequate representative.[8] Second, Cox says the unique factual circumstances of his case do not make his claims atypical of the class.[9]

Cox's argument regarding adequacy is well-taken. The Court previously found that Cox's decision to seek only statutory damages, which requires proving that TeleTech willfully violated the FCRA, "could impair the claims of other class members who have suffered actual damages and could recover even if only a negligent FCRA violation occurred."[10] Cox cites to Judge Easterbrook's opinion in *Murray v. GMAC Mortgage Corp.* to support his argument that a representative plaintiff in an FCRA class action "must be allowed to forego claims for compensatory

---

[5] *See Plaskon Elec. Materials, Inc. v. Allied Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).
[6] *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).
[7] *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994))
[8] *See* Doc. 37 at 3–5; Fed. R. Civ. P. 23(a)(4).
[9] *See* Doc. 37 at 5–8; Fed. R. Civ. P. 23(a)(3).
[10] Doc. 36 at 15.

Case No. 1:14-CV-00993
Gwin, J.

damages in order to achieve class certification."[11] As Judge Easterbrook explains, forcing a potential class plaintiff to account for individual claims for actual damages would preclude finding that common questions predominate for the class.[12] Any individual class members with particularly large actual damages may opt out of the class and proceed individually.[13] The Court is convinced by Judge Easterbrook's opinion that Cox's decision to seek only statutory damages does not, in itself, stop class certification in this case.

Cox's argument regarding typicality, however, merely rehashes the same arguments he made in his motion for class certification.[14] The Court previously held that "the unique factual circumstances of Cox's case suggest that he is atypical" as a putative class member.[15] The jury will be able to consider all of these facts in making its decision as to whether TeleTech willfully violated the FCRA.[16] Cox presents no new facts or law in his motion for reconsideration. The Court therefore will not reverse its original ruling that Cox has not satisfied the typicality requirement of Rule 23(a).

---

[11] *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952–53 (7th Cir. 2006).
[12] *See id.*
[13] *Id.*
[14] *Compare* Doc. 27 at 7–8, *with* Doc. 37 at 6–8.
[15] Doc. 36 at 14.
[16] *See* Doc. 36 at 10.

Case No. 1:14-CV-00993
Gwin, J.

The Court's overriding concern in its original decision was fairness to the other putative class members. Their claims should not be burdened by the unusual facts of Cox's case that may "result[] in less attention to the issue which would be controlling for the rest of the class."[17] Cox's motion for reconsideration does not mollify the Court's concerns in this regard.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration.[18]

IT IS SO ORDERED.


Dated: February 17, 2015          s/ *James S. Gwin*
         JAMES S. GWIN
         UNITED STATES DISTRICT JUDGE

---

[17] *See Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 65 (7th Cir. 1974)

[18] The Court also **DENIES** as moot Plaintiff's motion for a stay of proceedings pending resolution of this motion. *See* Doc. 37 at 8.